ROBERT N. McFARREN, APPELLANT, v. ZADOCK B. ST. JOHN, RESPONDENT.

*Offer to allow judgment to be taken — neglect to annex affidavit — Code of Civil Procedure, § 744.*

An offer to allow the plaintiff to take judgment for an amount therein specified, signed by the defendant's attorney, but to which the affidavit required by section 744 of the Code of Civil Procedure is not annexed, is a nullity, and the plaintiff is not required either to accept or reject it. He may proceed with the action, and pay no attention thereto; nor does he waive any right by retaining the same without objection.

APPEAL from an order of the Special Term in Yates county, setting aside an adjustment of the plaintiff's costs, and allowing costs to the defendant.

*S. H. Torry*, for the appellant.

*M. A. Leary*, attorney for the respondent.

SMITH, J.:

Issue was joined in this action by the service of an answer on 1st November, 1877. At the same time, and before notice of trial, the defendant's attorney served the plaintiff's attorney with a written offer of judgment for $125, with costs of the action to that time. The offer was signed by the attorney for the defendant, but no affidavit was annexed to it, as required by section 740 of the Code of Civil Procedure. The plaintiff's attorney gave no attention to the offer, but brought the action to trial and recovered a verdict for $125. He had his costs adjusted for all proceedings in the action, and entered judgment. In the meantime, the defendant's attorney served a bill of his costs subsequent to his offer, and presented them to the clerk, who refused to adjust them. The defendant then moved at Special Term and obtained the order now appealed from.

The only question is, whether the offer was sufficient to entitle the defendant to his costs thereafter accruing in the action, the

damages recovered not exceeding the amount of his offer. The defendant's counsel concedes that the offer was insufficient in not having been verified, but he contends that the plaintiff waived the defect by retaining the offer and omitting to object to it or return it. And the Special Term is understood to have adopted that view of the matter. In that, we incline to think, the court erred. As we read the Code, an offer of judgment signed by the defendant's attorney is a nullity, unless verified as required by section 740 of the Code of Civil Procedure.. The plaintiff would not be entitled to enter judgment upon it if he should accept it, and unless it is sufficient for all the purposes of an offer, it is of no avail. It is no answer to say that, as the plaintiff in this case did not serve notice of acceptance of the offer, he did not need it for the purpose of entering a judgment upon it. For aught that appears, if it had been sufficient for that purpose, he would have accepted it.

The argument that the plaintiff by simply retaining the offer waived the defect, assumes that an offer of judgment is analagous to an answer or other pleading. It is not so strictly. An answer is a proceeding hostile in all respects to the party on whom it is served, and if he chooses to waive an irregularity in it, he may do so, and he is deemed to have done so by receiving and retaining it without objection. An offer of judgment, under the Code, is to some extent undoubtedly hostile to the party on whom it is served, as it imposes upon him the responsibility of accepting or rejecting it at the peril of losing his costs, and of becoming liable to pay the costs of his adversary. But it is not wholly so. If he accepts it, he is decidedly benefited by it, as it renders further litigation unnecessary, and enables him to enter judgment for the amount offered without delay. So far is it from being an exclusively hostile proceeding, that it may be used, by connivance between the parties to it, as a means of obtaining a fraudulent judgment at the expense of the creditors of the party making the offer. In short, the same reasons exist in respect to an offer, as in the case of a confession of judgment, for holding that all the substantial requirements of the statute should be complied with.

The provision of section 740 of the Code of Civil Procedure, requiring that when an offer or acceptance is subscribed by the

attorney, he shall annex to it his affidavit to the effect that he is duly authorized to make it, in behalf of the party, is new, and was obviously regarded by the Legislature as material to the rights of both parties. So far as the party in whose behalf it is made is concerned, the opposite party can waive nothing for him. In short, unless the offer, when subscribed by the attorney, is verified according to the statute, it cannot have the effect to set the party in motion on whom it is served; he is not required to notice it in any manner; he need not return it, and he waives nothing by retaining it. The defect is not a mere irregularity, but is matter of substance.

These views lead to a reversal of the order.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Order reversed, with ten dollars costs and disbursements.